No. 25777

**The People of the State of Colorado v. Catherine F. McCleary**
(508 P.2d 783)

Decided April 16, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, L. James Arthur, Assistant, for The People of the State of Colorado.

Catherine F. McCleary, pro se.

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Miss McCleary, you stand before this Honorable Court in connection with complaints which were made against you by several of your former clients. The complaints charge you with conduct which is contrary to the highest standards of honesty, justice, or morality and which are alleged to be violations of the ethical standards of our profession. These matters were referred to the Grievance Committee of our Court which held a hearing thereon and made its report and recommendations to us. You were directed to file exceptions to that report if you cared to do so. You did not file such exceptions.

With regard to the first charge which was made against you by Mr. and Mrs. Cecil Armstrong, our Committee found that your handling of a title matter and your failure to properly

pursue and complete your work on a Determination of Interest Proceeding by procuring and recording a copy of Decree and by your failure to order an abstract, compounded by less than candid testimony to the Committee in regard to the abstract, was professional misconduct. When you told the Committee that you obtained an abstract and lost it and then attempted to say you could not recall whether you had received the abstract, when no abstract was ordered, you came close to the line of perjury, if perjury was not committed. The Committee characterized your testimony as reflecting a dangerous degree of carelessness and/or lack of candor. There was no excuse for your conduct in your representation of the Armstrongs.

With regard to the second charge, you were retained by Mrs. Beverly Bryant to prosecute a divorce action. You received a retainer, prepared a summons and complaint, and never effected service. Your failure to serve the defendant and to file the divorce action resulted in prejudice and delay to Mrs. Bryant in obtaining the divorce or an enforceable support order within a reasonable time. Your bizarre explanations for your failure to act were, in the Committee's opinion, not a defense, but were so unjustified as to cast doubt upon your competency to practice law.

In regard to the third count, the Bradley Estate, your failure to have real estate appraised after several requests for such appraisal had been made by the Inheritance Tax Division and your delay in pursuing your legal duties in the handling of the estate for over three years, constitute conduct which warrants censure.

Your failure to act and the delays occasioned by your conduct in each of the three cases which we have referred to is incomprehensible. Your conduct is contrary to professional standards expected of attorneys and violates the highest standards of honesty, justice and morality demanded of this profession. Lawyers are required by the obligations of their oath to act with diligence in the affairs of their clients and in judicial proceedings. Conduct such as yours can only lead to contempt by the public for the calling which you

264

profess to follow.

Miss McCleary, you are hereby publicly reprimanded for your dereliction of duty, and your continuing status as a member of the bar of this Court is in serious jeopardy. You are solemnly warned that repetition of these violations or any other breach of your duty as a lawyer will be sufficient cause for more severe disciplinary action.

The Committee recommended that you refund the $69.00 which you received for the purchase of the abstract referred to in the Armstrong transaction which you never purchased but caused your clients to pay for, and that you refund the $125.00 retainer to Mrs. Bryant which you obtained and did not earn, and we agree with this recommendation.

You are assessed the costs that have been incurred in this matter in the amount of $413.16, which you are directed to pay into the Registry of this Court within sixty (60) days.

MR. JUSTICE GROVES concurs except that he dissents from the portion of the opinion dealing with the recommendation of refunds.